Gayane GAGIKYAN, Petitioner,

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–74104.**

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2007.\*

Filed June 20, 2007.

Fed. R.App. P. 34(a)(2).

Gayane Gagikyan, Glendale, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco,. CA, Jennifer L. Lightbody, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, RYMER and T.G. NELSON, Circuit Judges.

## MEMORANDUM **

Petitioner Gayane Gagikyan, an Armenian native and citizen, seeks review of the denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.[1]

Because the Board summarily affirmed the Immigration Judge's ("IJ") decision without opinion, we review the IJ's decision as the final agency action. *See Lanza v. Ashcroft,* 389 F.3d 917, 925 (9th Cir. 2004). We review whether the IJ's conclusion that an applicant is ineligible for relief is supported by substantial evidence. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1185 (9th Cir.2006). We will grant the petition only if the evidence compels a contrary conclusion. *Id.*

■ Substantial evidence supports the IJ's finding that Gagikyan did not suffer

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. Gagikyan's motion to file a late reply brief is GRANTED.

past persecution.[2] Gagikyan testified that she received threats of violence and was briefly detained on one occasion without suffering physical abuse. This alleged conduct does not rise to the level of persecution. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1182 (9th Cir.2003) (no persecution based on one beating incident and unfulfilled threats).

 Substantial evidence supports the IJ's additional finding that the police were not motivated by one of the five protected statutory grounds. *See* 8 U.S.C. § 1158(b)(1). Gagikyan's interactions with the police resulted from her entanglement in a single domestic dispute; the evidence does not compel the conclusion that the police were motivated by anything other than a desire to locate their colleague's spouse. *See Dinu v. Ashcroft,* 372 F.3d 1041, 1044 (9th Cir.2004) (detention without formal charges does not create presumption of political motivations unless there is no other logical explanation).

Substantial evidence also supports the IJ's conclusion that Gagikyan failed to demonstrate a well-founded fear of persecution upon removal to Armenia. Vague and indirect threats do not constitute "credible, direct, and specific evidence in the record ... that would support a reasonable fear of persecution." *Singh v. INS,* 134 F.3d 962, 966 (9th Cir.1998) (internal quotations omitted).

Because Gagikyan is ineligible for asylum, she necessarily fails to demonstrate eligibility for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

---

2. We need not address the IJ's adverse credibility finding before reaching the IJ's alternative findings on the merits. *See Guo v. Ashcroft,* 361 F.3d 1194, 1203–04 (9th Cir.2004).

Gagikyan's claim for CAT relief also fails. She has not shown that it is more likely than not that she will be tortured if she returns to Armenia. *See Nuru v. Gonzales,* 404 F.3d 1207, 1221 (9th Cir.2005).

**PETITION FOR REVIEW DENIED.**